UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Watson,[1] | Case No. 20-cv-1537 (DSD/LIB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, et al., | |
| Respondents. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

Petitioner William Watson, who was convicted in Minnesota state court of unlawful possession of a firearm or ammunition, initiated this action by filing an ambiguous document. [Docket No. 1]. The exact nature or ultimate intent of Plaintiff's pleadings was unclear. This Court interpreted the document as a petition for a writ of habeas corpus governed by 28 U.S.C. § 2254. Because Petitioner had not labeled the pleading as such, however, this Court first warned Petitioner that it intended to interpret his pleading as a habeas petition governed by § 2254 unless informed otherwise. (See, Order, [Docket No. 5], at 3) (citing Castro v. United States, 540 U.S. 375, 383 (2003); Smith v. Hobbs, 490 F. App'x 833, 834 (8th Cir. 2012) (per curiam) (applying Castro to reinterpretation of civil complaint as habeas petition governed by 28 U.S.C. § 2254)).

---

[1] Within the caption of his filing, Petitioner identifies himself as "Eli Jan Bey." (Pet. [Docket No. 1]). Indeed, in his filings, he contends that use of the Watson name is a "[f]raud." [Docket No. 4]. Normally, this Court would have little issue with referring to a petitioner by his preferred name. But here, as best as the Court can tell, Petitioner's claims about his proper name interrelate with his substantive claims about the validity of his conviction. (See, e.g., Pet., [Docket No. 1], at 5) ("The PETITIONER / Eli Jan Bey was convicted under a false Nom De Guerre by the STATE OF MINNESOTA . . . ."). Thus, when necessary the Court refers to Petitioner with the name by which the Minnesota Department of Corrections recognizes him, William Watson. This is without prejudice to any arguments Petitioner makes now or in the future, plausible or not, about this name's usage in the state-court proceedings.

Petitioner has not responded to this Court's Order, and the deadline for doing so has since passed. Accordingly, this Court will interpret the pleading in this matter as a petition for habeas corpus relief governed by § 2254.[2]

The Petition is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on a review of the present Petition, the Court concludes that the habeas Petition should be dismissed.

Under § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To satisfy the exhaustion requirement, a prisoner must fairly present all of his federal law claims to the highest available state court before seeking habeas corpus relief in federal court. See, O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "A petitioner meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999).

---

[2] This interpretation precludes Petitioner from seeking monetary relief in this action, as compensatory damages are not available in habeas corpus litigation. See, e.g., Christian v. Norwood, 376 F. App'x 725, 726 (9th Cir. 2010) (per curiam). In any event, each of Petitioner's claims necessarily implies the invalidity of his conviction or sentence. Accordingly, regardless of the interpretation of his pleading, Petitioner's claims for monetary relief would also be barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

From the materials submitted by Petitioner, it does not appear that Petitioner's claims have been presented to the state appellate courts. The dockets maintained by the Minnesota trial and appellate courts confirm that Petitioner did not file a direct appeal from his conviction or sentence. See, State v. Watson, No. 27-CR-16-26099 (Minn. Dist. Ct.). Petitioner did seek (and was denied) postconviction relief in the state courts, but again, that denial does not appear to have been challenged before the Minnesota appellate courts. Never has Petitioner brought any claims related to his conviction or sentence before the Minnesota Supreme Court, which in turn has never been fairly presented with the opportunity to adjudicate the merits of those claims. Because Petitioner has not exhausted any claims for relief in the state courts, he cannot now seek federal habeas corpus relief.[3]

This Court is skeptical that state remedies remain available to Petitioner. It appears to be too late for Petitioner to file a direct appeal from his sentence, too late for him to seek appeal from the denial of his state court petition for postconviction review, and perhaps too late for him to raise new claims. Minnesota law generally requires criminal defendants to present claims challenging their conviction or sentence at the first possible instance. See, e.g., Minn. Stat. § 590.01; State v. Knaffla, 243 N.W.2d 737 (Minn. 1976). Moreover, as explained in its previous Order, this Court is skeptical that Petitioner has presented a non-frivolous claim for relief in this action. Nevertheless, out of an abundance of caution, and to ensure that Petitioner may return to federal court should he later exhaust a claim for relief in the state courts, see 28 U.S.C. § 2244(b), this Court will recommend that the pending Petition be dismissed without prejudice.

---

[3] There is no reason to believe from the materials submitted by Petitioner that he could not have sought appellate review of his conviction, sentence, or the denial of his state court petition for postconviction relief. By all indications, appeal within the state courts was available to Petitioner, and he has not argued otherwise. He was therefore first required to exhaust that avenue for relief before coming to federal court. See, 28 U.S.C. § 2254(b).

One additional issue warrants further discussion: whether or not the Court should issue a certificate of appealability. Because the grounds upon which dismissal of this action are recommended do not appear to be debatable by reasonable jurists, it is further recommended that no certificate of appealability be issued. <u>See</u>, 28 U.S.C. § 2253(c); <u>Slack v. McDaniel</u>, 529 U.S. 473, 478 (2000).

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** for failure to exhaust state remedies; and

2. No certificate of appealability be issued.

Dated: February 18, 2021               s/Leo I. Brisbois
                                        Hon. Leo I. Brisbois
                                        United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).